BRIDGET McGRATH, Administratrix, *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

<div style="float:right">14 357<br>15 458</div>

A railroad workman after finishing his work was told by his foreman that there were twenty minutes before the next train, which was understood to mean the next regular train. Whereupon the workman with others mounted a hand car to go to the next station, was overtaken by a special train, and was killed. No carelessness was attributable to the special train after the hand car was discovered on the track ; no flags were sent out by the hand car men, and a rule of the railroad company known to the hand car men stated that "they may expect a train in either direction without signals being shown for it."

In an action brought to recover damages for the death :

*Held*, that the action could not be maintained, as the workman assumed the risk of riding on the hand car by voluntarily and without objection mounting it when no flags had been sent out, and also the risk of any omission on the company's part to signal the special train, by mounting the car with full knowledge of the above rule.

DEFENDANT'S petition for a new trial.

This action was trespass on the case charging the defendant with negligence which resulted in the death of the plaintiff's intestate. He was a workman employed by the defendant, and was riding with other workmen on a hand car from Providence to Olneyville when the car was overtaken by a special train from Providence and

he was killed. The accident happened November 27, 1879, as the workmen were returning home from their work.

Number 24 of the company's rules is :

" Section foremen are directed to give close attention to the telegraph wires, unite them when broken, reset poles when down or in danger of falling, and render any required assistance to the telegraph repairer. *They may expect a train in either direction without signals being shown for it,* and will use every precaution to insure safety."

The other facts necessary to make the petition intelligible are stated in the opinion of the court.

The plaintiff recovered a verdict of $2,900, and the defendant filed this petition.

*January* 26, 1884. PER CURIAM. We think the verdict is against the evidence and the weight thereof. The evidence shows that the intestate was acquainted with Rule 24, and consequently knew the risk he was running from special trains by riding on the hand car. It does not appear that he rode there by any positive command or coercion from his superior. The testimony on that point was this : after the work of the day was done, the foreman said to him and others of his gang that there were twenty minutes before the next train, meaning as was well understood the next regular train, and therefore time to reach the station before it came along ; thereupon the men mounted the car without objection, the intestate as willingly as the others, all of them, for anything that appears, being ready to take the risk without the delay of sending out red flags, which would have protected them, apparently because they were in a hurry to get home, as it was Thanksgiving Day. There was no carelessness in the management of the special train after the hand car was discovered. The accident may be attributed to two causes, to wit : neglect on the part of the hand car to send out the red flags or to take other sufficient precautions; and an omission on the part of the company to signal the coming of the special train. The defendant accepted both risks ; the first by riding on the hand car willingly and without objection, knowing that the flags had not been sent nor other precautions taken ; the second, by riding there knowing of Rule 24, which permitted the dispatch of special trains without signalling in advance. By con-

tinuing in the service after being informed of the rule he accepted the risk of such unsignalled special trains as one of the risks of the service. *Petition granted.*

*Charles E. Gorman,* for plaintiff.

*William P. Sheffield & Frank S. Arnold,* for defendant.